**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Henry Giovani Perez-Escobar, | No. 21-713 |
| Petitioner, | Agency No.     A205-312-939 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Henry Giovani Perez-Escobar, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' (BIA) decision

denying his application for withholding of removal and protection under the

Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C.

§ 1252(a). We review de novo questions of law. *Ahmed v. Holder*, 569 F.3d

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1009, 1012 (9th Cir. 2009). We review the agency's factual findings for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010). Because the parties are familiar with the facts, we recite only those necessary to decide the petition.

As to withholding of removal, Perez-Escobar asserts that he was targeted based on a particular social group defined by resisting recruitment by gangs. But this court has made clear that general "resistance" to gang recruitment, alone, is not a protected ground. *See Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009) (holding that "young men in Guatemala who resist gang recruitment" was not a cognizable social group), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc) (distinguishing the social visibility of those who testify against gang members in open court). The BIA correctly determined that Perez-Escobar's proposed social group was not cognizable. *See* 8 U.S.C. § 1231(b)(3)(A).

The BIA concluded that Perez-Escobar was ineligible for CAT relief because he did not show he is more likely than not to be tortured if returned to Guatemala. *See* 8 C.F.R. § 208.16(c)(2). It reached that conclusion because the past violence Perez-Escobar experienced—a single fight in which he received a two-inch stab wound on his arm—did not amount to torture and because Perez-Escobar was able to safely relocate within Guatemala for several months after the fight. This conclusion is supported by substantial evidence.

The motion for a stay of removal (Dkt. No. 3) is denied.

2

**PETITION DENIED.**